UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD E. HARDIN and MAXINE L. HARDIN, | ) ) ) | Case No.: 1:04 CV 2079 |
| Plaintiffs | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| RELIANCE TRUST COMPANY, | ) ) | |
| Defendant | ) | <u>ORDER</u> |

Plaintiffs Clifford and Maxine Hardin (hereinafter, "Plaintiffs" or "the Hardins") filed the instant action on July 27, 2004, against Defendant Reliance Trust Company (hereinafter, "Defendant" or "RTC"). Currently pending before the court is Plaintiffs' Motion to Strike the Declaration of Dinah L. Contino filed on September 16, 2005 (ECF No. 61) and the Affidavit of Dinah L. Contino filed on October 27, 2005 (ECF No. 81.) (Pls.' Mot. to Strike, ECF No. 90.)  For the reasons that follow, Plaintiffs' Motion to Strike is granted in part and denied in part.

**I. BACKGROUND**

Plaintiffs seek to recover the retirement savings they lost in a "ponzi-scheme" investment program involving the sale and "leaseback" of pay telephones, or Customer Owned Coin Operated Telephones ("COCOTs"). RTC was the IRA custodian that held the Hardins' investments. After the Hardins purchased the COCOT units for each of their IRA accounts and leased the COCOTs to

ETS Payphones, ETS several lease payments to the Hardins' IRA accounts as provided in their lease agreements. In September of 2000, ETS filed for bankruptcy. On January 13, 2004, the United States Supreme Court held that COCOT investments were "investment contracts" and thus, "securities" subject to Federal Securities Laws. *See S.E.C. v. Edwards*, 540 U.S. 389 (2004).

On October 14, 2004, Defendant removed the above-captioned action from the Cuyahoga County Court of Common Pleas. (*See* ECF No. 1.) On September 16, 2005, Defendant filed the declaration of Dinah L. Contino (hereinafter, "Contino") (ECF No. 62), in connection with RTC's Opposition to Plaintiffs' Motion for Class Certification (ECF No. 61). Contino is the Vice President and Manager of the IRA department of RTC. (*See* Contino Decl. ¶ 2.) On October 27, 2005, Defendant filed a Motion for Summary Judgment and attached an affidavit from Contino. (*See* ECF No. 81.) Defendant also relies to some extent on Contino's declaration that it previously filed as support for its motion for summary judgment. Shortly thereafter, on November 29, 2005, Plaintiffs filed the instant Motion to Strike Contino's declaration and affidavit. (ECF No. 90.)

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 56(e) sets forth three mandatory requirements for affidavits that are used in support of, or in opposition to, a motion for summary judgment. The rule requires that such affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). An affidavit that does not satisfy these requirements is subject to a motion to strike. *See Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F. Supp. 2d 948, 954 (S.D. Ohio 2001) (citations omitted).

Plaintiffs argue that Contino's declaration and affidavit are not made on personal knowledge,

do not set forth facts that would be admissible evidence; and do not affirmatively show that she is competent to testify to the matters stated therein. (*See* Pls.' Mot. to Strike 2.) It is the "burden [of] the party moving to strike the affidavit to show the inadmissibility of each statement in the affidavit." *Reddy*, 137 F. Supp. 2d at 958 (quoting *AT&T v. Shared Commc'ns Servs.*, 1995 WL 555868 *3 (E.D. Pa. Sept. 14, 2005)). Plaintiffs have specifically challenged only certain portions of Contino's declaration and affidavit. These challenged portions are discussed below.

**A.     Contino's Declaration**

**1.     RTC's IRA Account Files and Contino's Testimony as a Corporate Officer**

Plaintiffs argue that Contino did not review the IRA account files at issue and therefore cannot testify about the basic facts in Exhibit A attached to Contino's declaration. (*See* Pls.' Mot. to Strike 3.) Exhibit A is a spreadsheet summarizing basic facts contained in RTC's IRA account documents for Ohio investors holding COCOTs, and other information regarding the number of salesmen and sales agencies involved in COCOT sales. Plaintiffs also contend that in paragraph 12 of her declaration Contino identifies individuals that "allegedly" received full refunds, but that Contino does not have personal knowledge of this information. (*See* Pls.' Mot. to Strike 4.) Plaintiffs maintain that Contino did not review any files to verify the accuracy of this information before she signed her declaration; and that Contino testified at her deposition that she did not know who refunded the money, nor was she aware of any Ohio COCOT owners that received a refund from RTC. (*See id.*)

First, the court notes that none of the information challenged above was utilized by the court in considering Defendant's Motion for Summary Judgment (ECF No. 81). Second, this court finds that Contino is competent to testify to the contents of the spreadsheet summarizing basic facts

contained in RTC's IRA account documents on behalf of RTC, as she is the Vice President and Manager of the IRA department. As the Sixth Circuit has stated, "[c]orporate officers are considered to have personal knowledge of the acts of their corporations and an affidavit setting forth those facts is sufficient for summary judgment." *AGI Realty Serv. Group v. Red Robin Int'l*, 1996 U.S. App. LEXIS 10122, *10-11 (6th Cir. 1996) (rejecting challenge to affidavit of Vice President not based on first hand information) (citing *Catawba Indian Tribe v. South Carolina*, 978 F.2d 1334, 1342 (4th Cir. 1992)). In her deposition on November 3, 2005, Contino stated that she had reviewed the account files that contained information about the Ohio COCOT investors as summarized in Exhibit A. (*See* November 3, 2005 Deposition of Contino ("Contino Dep.") at 8: 9 – 10:1, ECF No. 95, Ex. B.)

Furthermore, the account files upon which Contino based her testimony are RTC's business records, which are admissible as evidence under the business records exception to the hearsay rule under Fed. R. Evid. 803(6). It is well settled that "[a] corporation is entitled to state its legal positions and bring business documents into the summary judgment record via an affidavit of a corporate officer." *Brown v. BKW Drywall Supply, Inc.*, 305 F. Supp. 2d 814, 822 (S.D. Ohio 2004). Accordingly, the portions of Contino's declaration which refer to information in RTC's IRA account files shall not be stricken.

### 2. Enforcement Orders and Judicial Proceedings of Other Courts are Subject to Judicial Notice

Plaintiffs argue that Contino's declaration should be stricken on the basis that she did not see the Enforcement Orders from the Ohio Division of Securities ("Enforcement Orders") until she was given her declaration to sign. (*See* Pls.' Mot. to Strike 4.) Plaintiffs also argue that in her declaration, Contino testifies about the Opal Burns lawsuit and other lawsuits filed against RTC, as

if she has personal knowledge of them, although she testified at her deposition that she had not seen the lawsuit for a "long time," did not review it in connection with this lawsuit, and that this information was given to her from RTC's legal department. (*See id.*)

These challenged portions of Contino's declaration do no more than assert her personal knowledge of the filings of the Enforcement Orders, as well as the lawsuits which were filed against RTC. This court may take judicial notice of public records and government documents, including the other lawsuits, under Fed. R. Evid. 201(b).[1] *See Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999) ("[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record.") (quotation omitted); *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (finding that the district court abused its discretion by not taking judicial notice of information from a government agency website); *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (D. Mich. 2003) ("Public records and government documents are generally considered not to be subject to reasonable dispute. . . . This includes public records and government documents available from reliable sources on the Internet.") (internal quotation omitted). Because it would not be unfair to do so, the court hereby takes judicial notice of the lawsuits referenced in Contino's declaration, copies of which are attached to Contino's declaration as Exhibits B and D. Accordingly, the court denies

---

[1] Fed. R. Evid. 201(b) provides:
> (b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Plaintiffs' Motion to Strike the portion of Contino's declaration referring to the Enforcement Orders from the Ohio Division of Securities and the other lawsuits against RTC.

### 3. Attorney Joel Goodman's Letter is Already in Evidence

Plaintiffs argue that Contino had never seen the letter from Attorney Joel Goodman (hereinafter, the "Goodman Letter") purportedly notifying the Hardins of the alleged "ponzi-scheme," more than two years before plaintiffs filed the instant action. (*See* Pls.' Mot. to Strike 5.) Defendant argues that the Goodman Letter is already in evidence through Plaintiffs' own deposition testimony. (*See* Dep. of Clifford Hardin at 82:16 – 83:20, ECF No. 6; *see also* Goodman Letter, Ex. X to the Clifford Hardin Dep., ECF No. 60.) The court finds the Goodman Letter is already in evidence. Therefore Plaintiffs' motion to strike this portion of Contino's Declaration is denied as moot.

## B. The Contino Affidavit

### 1. Account Documents Forwarded to RTC

Plaintiffs challenge Contino's statement in her affidavit that certain forms signed by the Hardins were "forwarded to RTC by [National Communications Marketing, Inc.] and their Representative, Delbert Cogar." (Contino Aff. ¶ 3.) Plaintiffs argue that later, at Contino's deposition, she testified that she did not know who specifically sent the forms to RTC and that RTC has no way to track that information. (*See* Contino Dep. at 63:9-13.) Since Contino's deposition testimony makes clear that she does not know for certain whether the Hardins or Cogar sent the forms to RTC, Plaintiffs' Motion to Strike this portion of Contino's Affidavit is granted.

**2.      Acts and Records of RTC and Contino's Testimony as a Corporate Officer**

In her affidavit, Contino states that "RTC never had any contact with the Hardins' salesman or directed his actions." (Contino Aff. ¶ 6.)  Plaintiffs contend that Contino has no personal knowledge about this issue. (*See* Pls.' Mot. to Strike 6.)  Plaintiffs also take issue with Contino's statement that ETS made lease payments until it declared bankruptcy (Contino Aff. ¶ 8), again arguing that Contino has no personal knowledge of this alleged fact. (*See* Pls.' Mot. to Strike 6.)

Corporate officers are presumed to have personal knowledge of the acts of the company and may therefore testify on behalf of the company as to its knowledge. *See AGI Realty Serv. Group.*, 1996 U.S. App. LEXIS 10122 at 4; *see also* Moore's Federal Practice § 56.14[1][c] (3d ed. 1999) ("Corporate officers are presumed to have personal knowledge of acts of their corporation.")  Since Contino is a corporate officer, she is presumed to have personal knowledge of the acts of RTC and thus, the portion of Contino's affidavit stating that RTC did not have any contact with the Hardins' salesman shall not be stricken.  The information pertaining to the lease payments made by ETS prior to its bankruptcy is evident from RTC's account files, which Contino stated she has personally reviewed. (*See* Contino Dep. at 8:13-19.)  Furthermore, Plaintiffs do not dispute that ETS made lease payments until the time period it declared bankruptcy.  As such, these portions of Contino's affidavit shall not be stricken.  Moreover, the court notes that the information contained herein was not necessary to the court's ruling on Defendant's Motion for Summary Judgment (ECF No. 81.)

**3.      Litigation Releases, Public Pronouncements, and Judicial Notice Thereof**

Plaintiffs maintain that Contino's statement in paragraph 9 of her affidavit is inadmissible because Contino, "a non-lawyer," makes analogies based upon facts from a case and IRS Form

5305-A without establishing any foundation or basis for her opinion.  (*See* Pls.' Mot. to Strike 6.) Paragraph 9 of Contino's affidavit states,

> I have been shown quoted portions of the Custodian Agreement, in particular, Sections 8.05(a) and 8.05(b), as they appear in *Abbott v. Chemical Trust*, 2001 WL 492388 (D. Kan. Apr. 26, 2001). Parts of the FNB Custodian Agreement in the Abbott case are nearly identical to the RTC IRA Account Applications signed by the Hardins and attached hereto at Exhibit "A."  This is to be expected since the wording of such agreements incorporates required provisions of IRS form 5305-A.

(Contino Aff. ¶ 9).

Contino is competent to testify that the language in the RTC IRA Account Applications follows the language proscribed in IRS Form 5305-A.  To that extent, Plaintiffs' Motion to Strike is denied.  Furthermore,  IRS Form 5305-A is available on the IRS website, thus, the court takes judicial notice of its contents.  *See Denius*, 330 F.3d at 926 (the court may take judicial notice of information at a government agency website).  However, to the extent that Contino is attempting to make any legal argument in paragraph 9 of her affidavit, Plaintiffs' Motion to Strike motion is granted.

Plaintiffs also challenge portions of statements made in paragraphs 10 and 11 of Contino's affidavit.  Plaintiffs argue that Contino "fails to claim that she actually did an internet search"  for "documents that Defendant's attorneys gave to her and attached to the affidavits."  (*See* Pls.' Mot. to Strike 6-7.)  First, Plaintiffs do not dispute that the SEC Litigation Releases are available on the internet.  Second, Contino stated that she had reviewed the Litigation Releases, has personal knowledge of their content and can testify to that knowledge.  (*See* Contino Dep. at 64:25 – 66:1.) Moreover, certified copies of the SEC Litigation Releases and the Ohio Division of Securities press releases were attached to the Contino Affidavit as Exhibit H.  There is a website address listed at the end of the SEC Litigation Releases, which may be used to verify that the SEC Litigation Releases

are in fact available at this website as per Contino's affidavit. As such, paragraphs 10 and 11 of Contino's affidavit shall not be stricken. Furthermore, the court hereby takes judicial notice of said releases. *See Bioport Corp.*, 270 F. Supp. 2d at 972 (the court may take judicial notice of information at a government agency website).

Plaintiffs also argue that the statements Contino makes in paragraphs 12 and 13 of her affidavit lack the proper foundation because Contino fails to state that she actually did an internet search for other COCOT related lawsuits and because she has no personal knowledge that "many other public pronouncements or findings were issued in regard to the ETS investments. . . ." (*See* Pls.' Mot. to Strike 7.) These public pronouncements were attached to Contino's affidavit as Exhibit J. As discussed above, the court takes judicial notice of the existence of other COCOT related lawsuits. Furthermore, Contino does have personal knowledge of the existence of these public pronouncements because she has stated that she reviewed them. (*See* Contino Dep. at 64:10 – 65:19.) Therefore these portions of Contino's affidavit shall not be stricken.

### III. CONCLUSION

For the above stated reasons, Plaintiff's Motion to Strike the declaration and affidavit of Dinah L. Contino is granted in part and denied in part. (ECF No. 90.) The portion of paragraph 3 in Contino's affidavit stating that certain documents were "forwarded to RTC by National

Communications Marketing, Inc. ("NCMI") and their representative, Delbert Cogar" shall be stricken. Additionally, to the extent that Contino sought to make any legal argument, or legal conclusion, in paragraph 9 of her affidavit, that portion shall also be stricken. The remaining portions of Contino's declaration and affidavit shall not be stricken.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 28, 2006